THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS R. ECHEVARRÍA, Defendant and Appellant.

No. 9462. Argued June 23, 1942.—Decided July 8, 1942.

*A. Reyes Delgado* and *P. Santos Borges* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was convicted for failure to declare and to register a firearm. He was sentenced to 6 months in jail and has appealed, assigning two errors.

The first alleged error was the refusal of the district court to grant a motion to dismiss on the ground that the information herein was not filed within sixty days after the defendant had been held to answer for this offense, as required by §448 of the Code of Criminal Procedure. A separate hearing was held on this motion prior to the trial on the merits.

The basis of defendant's motion was that he was arrested on January 11, 1941, charged with gambling, and released on bond; that two hours later he was arrested again on a charge of failure to register a firearm and released on another bond. As the information herein was filed on March 17, 1941, more than sixty days after January 11, the defendant therefore contended that his motion to dismiss must be granted.

The testimony of the policeman, however, was that he had arrested the defendant solely on internal revenue and gambling charges, although he had subsequently reported the firearm case to the district attorney. The district court refused to admit in evidence an order of release of the defendant executed on the night in question. We need not

stop to consider whether under some circumstances such an order may be properly admitted in evidence as tending to show that a defendant had previously been arrested. Indeed, the government concedes this point. In this case, however, the order of release had no probative value, as the justice of the peace who issued it testified that the signature thereon was his, but that the crime charged had been erased after he had issued it and that some other person had written in its place "Violation Internal Revenue Law, Failure to Register Firearm"; that if he had written anything and then erased and changed it, he would have made some indication thereof on the order.

The district attorney confirmed the story of the policeman that the latter had reported the firearm case. The district attorney testified that after he had ascertained in due course that the defendant had not registered the firearm as required by law, he had issued an order of arrest on January 17, which was executed on January 20. This order was admitted in evidence. This procedure seems particularly plausible in this case as neither the policeman nor the district attorney would be likely to take steps to arrest a defendant on a charge of failure to register a firearm until he had ascertained from the custodian of the records that the defendant had not registered the firearm.

The district court, in view of the above-recited facts, properly held that the information of March 17 was filed within the 60-day period allowed by the statute, as the defendant was first held to answer on the charge herein when he was arrested on January 20 on the order of arrest of the district attorney. *People* v. *Petrovich*, 36 P.R.R. 548; *Ferrer* v. *District Court, ante* p. 608, decided June 25, 1942.

■ The second alleged error is that the verdict of guilty was contrary to the evidence and the law. The testimony of the government was that on January 11, 1941, the police, pursuant to a search warrant, raided the Buenos Aires Club

in Arecibo, and that the defendant, who was the Manager of the Club, and 40 other persons present in the Club were arrested for gambling; that the defendant, who was in control of the Club, surrendered all the paraphernalia to the police; that in the course of their search of the Club, the police encountered a desk with a locked drawer; that the corporal in charge of the search ordered the defendant to open the drawer; that the defendant sent for the key and opened the drawer, which contained the revolver involved in this case; that the police asked the defendant if the revolver had been registered, and he replied in the negative.

The testimony of the defense was that the desk was utilized by clients of the Club as a place of safekeeping for their possession, and that the revolver had been placed there that night by one of those present, who was otherwise unidentified. The defendant denied that the revolver was his, and therefore testified that he did not know if it was registered.

A manager of a club could not, of course, be held responsible in every case for a revolver found in the club. But in this case there was evidence, including the testimony of the porter, a witness for the defendant, showing control of the manager over the desk, from which it could be reasonably deduced that the manager owned the revolver in question. The government made out a *prima facie* case under *People* v. *Semidey,* 56 P.R.R. 151. The trial judge resolved a conflict in the evidence against the defendant. We find nothing in the record to warrant our disturbance of the conclusion of the lower court.

The judgment of the district court will be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús did not participate herein.